[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10279
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00296-CB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLON JERELL DAFFIN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 9, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Marlon Daffin appeals the district court's order revoking his supervised release and resentencing him to 24-months imprisonment. Daffin argues that his sentence is procedurally unreasonable because the district court erred in calculating his guidelines range. Although Daffin is correct that the district court plainly erred in calculating his guidelines range[1]—something the United States does not dispute—that error did not affect his substantial rights. Therefore, after careful review of the record and the parties' briefs, we affirm.

Because Daffin raises his objections to the district court's sentencing calculations for the first time on appeal, our review is for plain error. United States v. Frazier, 605 F.3d 1271, 1282 (11th Cir. 2010). Plain-error review requires that: (1) an error occurred; (2) the error was plain; and (3) the error affected the defendant's substantial rights. United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006) (per curiam). If those three conditions are met, we can then exercise our discretion to "notice the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 832. "A substantial right is affected if the appealing party can show that there is a reasonable

---

[1] Chapter 7 of the United States Sentencing Guidelines (USSG), which addresses sentences for violations of supervised release, emphasizes reasons that may exist for departing from the range of imprisonment set out in the Revocation Table, beyond those that might exist at the time the original sentence is imposed. See USSG § 7B1.4 comment. (nn. 1–6).

2

probability that there would have been a different result had there been no error."

Id. at 831–32.

In reviewing the reasonableness of a sentence, we consider whether the district court committed a procedural error, such as improperly calculating the guidelines range. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). However, a guideline range miscalculation does not necessarily affect a defendant's substantial rights. See, e.g., United States v. Pantle, 637 F.3d 1172, 1177–78 (11th Cir. 2011) (per curiam). In Pantle, the district court's chosen sentence was outside the correct guideline range, but we held that the error did not affect the defendant's substantial rights, in part because the sentencing court could have imposed the same sentence despite the miscalculation. Id.

Similar to Pantle, although the district court plainly erred in this case in determining Daffin's guidelines range, this error did not affect his substantial rights. The district court told Daffin at a previous revocation hearing that another violation would result in "the maximum sentence that [it] can impose in the penitentiary," 24-months imprisonment. See 18 U.S.C. § 3583(e)(3). At his second revocation hearing, the one at issue here, the district court noted Daffin's extensive criminal history and its own leniency after his first violation of supervised release. The court stated that the 24-month sentence Daffin was warned about was appropriate, although it mistakenly stated that the sentence was within

the guidelines range.  The court sentenced him to the statutory maximum, as it previously had stated it would if he violated his supervised release terms again. Therefore, Daffin has failed to demonstrate a reasonable probability that he would have received a different sentence if the district court had not erred in its calculation of the applicable guideline range.  See Pantle, 637 F.3d at 1178. Because Daffin cannot show that the plain error has affected his substantial rights, we affirm.

**AFFIRMED.**